UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT W. VALENTINE,  
    Plaintiff,

Case No. 1:10-CV-922  
Beckwith, J.  
Litkovitz, M.J.

vs

REMKE MARKETS INCORPORATED,  
    Defendant.

ORDER

This matter is before the Court on plaintiff's motion to quash subpoena and/or for protective order (Doc. 17), defendant's memorandum in opposition (Doc. 21), and plaintiff's reply memorandum. (Doc. 22).

Plaintiff brings this employment discrimination action alleging that defendant Remke refused to hire him as a Staff Pharmacist in May 2010: (1) based on his age (76); (2) his race (African American); (3) in retaliation for previously filing a Charge of Discrimination against his former employer SuperValu (doing business as "Biggs"); and (4) in retaliation for his opposition to what he believed was unlawful discrimination by SuperValu. (Doc. 1).  On January 12, 2012, defendant issued a subpoena duces tecum to SuperValu/Biggs seeking the following documents:

    1. All of plaintiff's employment records with SuperValu/Biggs;

    2. All of plaintiff's records pertaining to compensation and benefits at SuperValu/Biggs; and

    3. All documents pertaining to the discrimination charge plaintiff filed against SuperValu/Biggs.

(Doc. 21, Exh. A to subpoena duces tecum).

Plaintiff seeks to quash the subpoena pursuant to Fed. R. Civ. P. 45, arguing that the materials sought by defendant Remke are irrelevant to his failure to hire claim.[1] Plaintiff asserts that defendant did not rely on the records it now seeks in making its decision not to hire plaintiff and therefore such records are irrelevant to the claims in this case. In the alternative, plaintiff seeks a protective order under Fed. R. Civ. P. 26, which permits the Court, for good cause, to issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Plaintiff also contends the *merits* of his prior charge of discrimination against his former employer have no relevance to the hiring decision in this case and it is the fact of the filing of the charge alone – not the merits thereof – that is the only relevant factor in whether defendant's refusal to hire plaintiff was retaliatory. Plaintiff further contends that permitting discovery of records involving the previous charge of discrimination could have a "chilling effect" on a plaintiff's decision to assert his or her legal rights. (Doc. 17 at 7, citing *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065-66 (9th Cir. 2004)).

Defendant contends the subpoena seeks: (1) documents and information that are relevant to plaintiff's prior Discrimination Charge and opposition activity; and (2) employment records reflecting upon plaintiff's suitability for a position with Remke. Defendant asserts it is entitled to investigate and explore the circumstances surrounding the events upon which it allegedly retaliated against plaintiff in order to defend against plaintiff's claims in this case. Plaintiff's complaint asserts two separate retaliation claims: one based on a Charge of Discrimination filed against Biggs, his prior employer, and another independent

---

[1] Plaintiff, a nonparty to the subpoena, has standing to challenge the subpoena seeking his employment records as he possesses a personal right to the information contained in such employment records. *See Hendricks v. Total Quality Logistics, LLC,* 275 F.R.D. 251, 253 n.1 (S.D. Ohio 2011).

claim based upon alleged and unspecified "opposition" to what plaintiff believed was unlawful discrimination by his prior employer. Because the complaint fails to specify the "opposition" activity that forms the basis of plaintiff's second claim of retaliation, defendant argues it is entitled to discovery to determine whether or not that "opposition" was to practices made unlawful by Title VII or the ADEA as required to support plaintiff's retaliation claim. (Doc. 21 at 5, citing *Johnson v. Univ. of Cincinnati,* 215 F.3d 561, 579 (6th Cir. 2000)). Defendant also contends that information regarding prior charges or their validity can be probative of a plaintiff's motivation and credibility in filing a subsequent charge against another employer, as well as a plaintiff's alleged emotional damages.

    Defendant also argues that while plaintiff's previous employment records were not relied upon in the hiring decision, they nonetheless are reasonable calculated to lead to the discovery of admissible evidence. Plaintiff's complaint and his motion to quash assert that he was objectively qualified for the Staff Pharmacist position, and that his skills, experience, and professional contributions made him an excellent candidate for the job, implying that defendant's decision not to hire him must have been motivated by some unlawful basis. Defendant asserts that plaintiff could also use these details to argue pretext and suggest that defendant's proffered legitimate nondiscriminatory basis for its decision is unworthy of belief. Defendant contends that plaintiff's previous employment records regarding his prior performance, complaints, and possible discipline could also impact plaintiff's credibility. In addition, to the extent plaintiff's prior employment records may reflect behavior consistent with the observations and impression of plaintiff made by Remke Pharmacy Director Christe Reynolds during plaintiff's interview, they may demonstrate that she accurately evaluated plaintiff's suitability for the position and, as a result, impact her credibility as a witness.

3

Defendant states that prior employment records may be relevant to other issues as well, including front pay and mitigation of damages.

Finally, defendant asserts that plaintiff presumably intends to use his prior employment records in support of his claims and therefore cannot block access to defendant's use of the same. Plaintiff identified a previous employment record, *i.e.,* his "2010 Performance Review" prepared by his then-supervisor at Biggs, Ms. Barnes, as a document he may use to support his claims in his initial Rule 26 Disclosures and in response to defendant's Requests for Production of Documents. Defendant states that plaintiff also deposed Ms. Barnes and will presumably use her Performance Review and favorable recommendation to Ms. Reynolds in support of his claims.

In reply, plaintiff asserts that the only protected activity in which he engaged was the filing of his Discrimination Charge. He asserts he has not alleged, nor will he allege, that he engaged in any other protected activity at Biggs other than the filing of a Discrimination Charge. Plaintiff alleges that the protected activity of filing a Charge also constituted protected "opposition" activity, and that he made a separate retaliation claim based on protected "opposition" activity in the event the evidence were to show that defendant was not aware of his Discrimination Charge *per se,* but was aware that he had in some manner protested discrimination at Biggs. In either of these events, retaliation against plaintiff for having engaged in this activity would have been illegal and defendant does not need to issue a blanket subpoena to Biggs in order to discover the nature of plaintiff's "opposition" activity.

With respect to the 2010 Performance Review, plaintiff asserts this was included in his initial Rule 26 disclosures for use during Ms. Barnes' deposition in the event she disavowed her previous recommendation of plaintiff for a position with defendant. Because

4

Ms. Barnes at her deposition did not deny recommending plaintiff for employment with defendant, plaintiff "does not see the performance review he produced early on in the case as being of any relevance, at least not if the Court agrees that Defendant's subpoena for Plaintiff's prior employment records is seeking irrelevant information." (Doc. 22 at 5). Finally, plaintiff argues his prior employment records are irrelevant to any damages he may have sustained by not being hired by defendant who would have established the wage and benefits for a Staff Pharmacist position and not relied on what a previous employer paid to plaintiff.

As the party seeking to quash the subpoena, plaintiff bears the burden of showing the discovery sought is overly broad, unduly burdensome, or not relevant. *Hendricks,* 275 F.R.D. at 253. "Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. Courts, however, have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Id.* (quoting *Barrington v. Mortage IT, Inc.,* No. 07-61304, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007)). Discovery under the federal rules is broad and liberal: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court must determine whether the subpoena requests are overly broad or seek irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production. *Hendricks,* 275 F.R.D. at 253 (citing *Transcor, Inc. v. Furney Charters, Inc.,* 212 F.R.D. 588, 591 (D. Kan. 2003)).

5

In this case, the Court determines that defendant may discover information about Charges or complaints of discrimination filed by plaintiff as requested in the subpoena. Plaintiff has filed two claims for retaliation: one based on a Charge of Discrimination filed by plaintiff against his former employer, SuperValu/Biggs, and one claim based on opposition activity. Plaintiff states he asserted a separate retaliation claim based on protected "opposition" activity in the event the evidence were to show that defendant was not aware of his Discrimination Charge *per se,* but was aware that he had in some manner protested discrimination at Biggs.

As an initial matter, it seems anomalous to permit plaintiff to assert retaliation claims against defendant Remke that stem from a charge of discrimination brought against SuperValu/Biggs, his former employer, then bar discovery underlying that discrimination charge. Understandably, plaintiff theorizes that whether or not there was merit to the former charge of discrimination is not relevant; what is relevant is whether defendant knew of the charge or plaintiff's opposition to an alleged discriminatory action and relied on such knowledge in deciding not to hire plaintiff. Yet, where the prior Charge of Discrimination forms the predicate for plaintiff's retaliation claim, the information surrounding plaintiff's prior charge of discrimination may lead to the discovery of admissible evidence. See *E.E.O.C. v. Buffalo Broadcasting Co., Inc.*, 163 F.R.D. 178, 179 (W.D.N.Y. 1995). See also *Graham v. Casey's General Stores*, 206 F.R.D. 251, 256 (S.D. Ind. 2002) (complaints, grievances, lawsuits, or charges against former employers relevant to credibility); *Travers v. Travenol Laboratories, Inc.*, 94 F.R.D. 92, 93 (N.D. Ill. 1982) (discovery of prior employment discrimination charge brought against a previous employer permitted as information might lead to admissible evidence on intent and motive in filing present action); *Stokes v. Xerox*

6

*Corp.*, No. 05-cv-71683, 2006 WL 6686584, at *4 (E.D. Mich. Oct. 5, 2006) (same). Because defendant Remke was not a party to the Charge, Remke must look to other sources to obtain information about the circumstances surrounding the Charge. While some information may be obtained from the Ohio Civil Rights Commission to the extent SuperValu/Biggs included information and documentation in response to the Charge, any other information may only be obtained from SuperValu/Biggs. Defendant is entitled to discover the circumstances under which it is alleged to have unlawfully retaliated against plaintiff–whether by having knowledge of the Discrimination Charge itself or knowledge of plaintiff's protestation of discrimination at SuperValu/Biggs. At this juncture, and given the liberal scope of discovery, it would be unfair to permit plaintiff to allege retaliation claims then block any discovery held by plaintiff's former employer that underlies such claims. Discovery of the circumstances surrounding plaintiff's Charge of Discrimination and the aftermath thereof are certainly relevant to whether defendant Remke relied upon this information or retaliated against plaintiff in its decision not to hire him.[2] Plaintiff's motion is **DENIED** as to the information sought on plaintiff's retaliation claims.

Defendant is also entitled to plaintiff's employment records relating to his job duties, discipline, performance reviews, complaints, and attendance. While plaintiff is correct that such records were not in possession of defendant at the time of its hiring decision and would not shed light on why defendant chose not to hire plaintiff, they may lead to the discovery of

---

[2] The Court is not persuaded that discovery of this information will "chill" the exercise of protected rights under employment discrimination laws. *Rivera*, 364 F.3d at 1065-66, cited by plaintiff, addressed the release of information related to the plaintiffs' immigration status and the effect that would have on an employee's willingness to challenge unlawful employment actions. Plaintiff has not cited, and the Court has not found, cases applying *Rivera* outside of the immigration context holding that the disclosure of information related to prior charges of discrimination would chill the exercise of protected activity.

admissible evidence in this case. Plaintiff has presented himself as being objectively qualified for the position for which he was not hired by his skills, experience, and professional contributions. Plaintiff made his qualifications and past performance an issue when he identified his 2010 Performance Review from SuperValu/Biggs as a relevant document in his Rule 26 disclosures. Plaintiff recognized that a witness who works for defendant Remke might be disinclined to be forthcoming about plaintiff's performance and qualifications and therefore armed himself with his Performance Review for purposes of impeachment. Defendant is entitled to the same when it comes to assessing plaintiff's credibility and objective qualifications for the job. While plaintiff now says he will not be using any of his prior employment records in support of his claims, they are nonetheless relevant and/or may lead to the discovery of admissible evidence.

However, to the extent the subpoena seeks "any and all" employment records "without limitation," the request is overbroad. *See, e.g., E.E.O.C. v. Holmes & Holmes Indus., Inc.*, No. 2:10-cv-955, 2011 WL 5118306, at *2 (D. Utah Oct. 27, 2011) (blanket request for all documents regarding party's employment is overly broad); *Richmond v. UPS Service Parts Logistics*, No. IPO1-1412, 2002 WL 745588, at *4 (S.D. Ind. April 25, 2002) (request to obtain employee's entire personnel file, on its face, is overbroad). The Court will issue a protective order narrowing the scope of the subpoena and limit it to the production of only those documents from SuperValu/Biggs that concern plaintiff's job duties, discipline, performance reviews, complaints, and attendance. Therefore, plaintiff's motion to quash the discovery of employment records is **DENIED**, but plaintiff's motion for protective order is **GRANTED** in accordance with the limitations set forth in this Order.

Defendant is not entitled to employment records reflecting plaintiff's compensation

8

and benefits provided by SuperValu/Biggs during plaintiff's employment. Such records are simply not relevant to determining plaintiff's damages in this case. Plaintiff is correct that defendant Remke would set the compensation and benefits for a newly hired employee and whatever the person previously earned at his or her former employment is not relevant. Plaintiff's motion to quash the subpoena in this regard is **GRANTED**.

    **IT IS SO ORDERED**.

Date: 3/14/2012

Karen L. Litkovitz
United States Magistrate Judge